IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EMPLOYERS MUTUAL CASUALTY COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 05-0382-WS-L** |
| ) | |
| **ALL SEASONS WINDOW & DOOR MANUFACTURING, INC., et al.,** ) ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on a motion to dismiss filed by defendants Tradewinds Condominium Owners Association, Inc., Royal Palms Condominium Owners Association, Inc., Island Royale Condominium Owners Association, Inc., and Regency Isle Condominium Owners Association, Inc. ("the movants"). (Doc. 16). The parties have filed briefs in support of their respective positions, (Docs. 17, 19, 20), and the motion is ripe for resolution. After carefully considering the foregoing and all other relevant materials in the file, the Court concludes that the motion is due to be granted.

**BACKGROUND**

Each of the defendants has filed a separate lawsuit in state court against All Seasons Window & Door Manufacturing, Inc. ("All Seasons") and/or WHS, Inc. for alleged construction defects. All Seasons and WHS are insured by the plaintiff herein, who filed this action pursuant to the Declaratory Judgments Act ("the Act"). The plaintiff is defending its insureds in the state actions and, as the complaint acknowledges, "[t]his lawsuit does not concern EMC's duty to furnish a defense in the underlying litigation." (Doc. 1, ¶ 13). Instead, the complaint identifies a laundry list of policy provisions and "prays that the Court construe the policies and declare that EMC is under no duty to pay on behalf of All Seasons or WHS in connection with any amounts recovered from them in the underlying litigation" or, in the alternative, "furnish [the plaintiff] with guidance as to its obligations" to pay any

award to the movants.   (*Id*., ¶¶ 25, 26).

## DISCUSSION

Insurance policies commonly impose on the insurer the twin duties of providing a defense to lawsuits brought against the insured and of paying (or indemnifying against) covered losses established in such litigation.  These are often described as the duty to defend and the duty to indemnify.  As noted, the plaintiff has already assumed the duty to defend, and this lawsuit involves only the duty to indemnify.

"In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  To be "within [the] jurisdiction" of the Court, there must exist an independent fount of jurisdiction.  *Appling County v. Municipal Electric Authority*, 621 F.2d 1301, 1303 (5th Cir. 1980).

The "actual controversy" requirement of the Act mirrors the "case or controversy" requirement of Article III, section 2 of the United States Constitution.  *Provident Life & Accident Insurance Co. v. Transamerica-Occidental Life Insurance Co.*, 850 F.2d 1489, 1491 (11th Cir. 1988).  In the statutory context, that requirement looks to "'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *GTE Directories Publishing Corp. v. Trimen America, Inc.*, 67 F.3d 1563, 1567 (11th Cir. 1995)(quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

Even when an "actual controversy" exists that falls "within [the] jurisdiction" of the district court, the plaintiff has no absolute right to a federal forum.  "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).  The Act "confer[s] unique and substantial discretion in deciding whether to declare the rights of litigants," and the district court's decision whether to exercise jurisdiction is reviewable on appeal only

for abuse of that discretion.  *Id*. at 286, 290.


### A.  Subject Matter Jurisdiction.

The complaint alleges that no defendant shares citizenship with the plaintiff and that the amount in controversy exceeds $75,000, exclusive of interest and costs.  (Doc. 1, ¶ 8).  The complaint provides sufficient information for the Court to agree that, assuming its allegations are correct, the parties are diverse.  (*Id*., ¶¶ 1-7).  However, the complaint offers nothing but the plaintiff's ipse dixit that the amount in controversy exceeds the jurisdictional amount.

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."  *Federated Mutual Insurance Co. v. McKinnon Motors*, LLC, 329 F.3d 805, 807 (11th Cir. 2003).  The plaintiff seeks a declaration that it "is under no duty to pay on behalf of All Seasons and WHS in connection with any amounts recovered from them in the underlying litigation."  (Doc. 1, ¶ 25).  The underlying litigation is only vaguely described as involving "alleged construction defects, including but not limited to the alleged furnishing, supplying and/or installing of defective and/or non-complying windows and glass doors at certain condominium projects."  (*Id*., ¶ 12).  The plaintiff identifies neither the allegations made in the underlying lawsuits, the amount demanded in the complaints, nor any means of estimating the likely amount of recovery to any of the underlying plaintiffs.

The plaintiff's general allegation that "the amount in controversy ... exceeds the sum of $75,000," (Doc. 1, ¶ 8), does not cover these deficiencies.  At most, it serves as a representation that the cumulative value to the plaintiff of a declaration absolving it of responsibility to pay verdicts or settlements in four cases brought against All Seasons and/or WHS totals in excess of $75,000.  It is doubtful, however, that the plaintiff can add the value of such a declaration vis-a-vis All Seasons to the value of such a declaration vis-a-vis WHS.[1]  It is further unclear whether the plaintiff can add together

---

[1] *See Jewell v. Grain Dealers Mutual Insurance Co.*, 290 F.2d 11, 13 (5th Cir. 1961)("The general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate.").

the value of a declaration for each of four underlying lawsuits, especially without a showing that such a declaration would depend on the same considerations in each case.[2]

Were this case to survive the movants' motion to dismiss, the Court would require briefing on these and related jurisdictional issues.[3]  Because, as discussed below, the motion is due to be granted on other grounds, these issues need not be resolved.

### B.  Actual Controversy.

Among other constitutional doctrines applicable in the statutory context of the Act is that of ripeness.  *E.g., El Paso Building & Construction Trades Council v. Associated General Contractors of America*, 376 F.2d 797, 798 (5th Cir. 1967).  The movants insist that the plaintiff's quest for declaratory relief is not ripe because they have obtained neither a verdict nor a settlement against the insureds.  Neither side cites Circuit precedent on the issue, but the Court's independent research reveals three relevant opinions.

In *American Fidelity & Casualty Co. v. Pennsylvania Threshermen & Farmers' Mutual Casualty Insurance Co.*, 280 F.2d 453 (5th Cir. 1960), an insurer sued the insured and another insurer, seeking two declarations: (1) that the other insurer was required to defend the insured in a pending lawsuit; and (2) that the other insurer's coverage was primary.  The Court concluded that, "[u]nlike" the "real and present controversy" concerning defense, the issue of primary/excess coverage "sought a declaration on a matter which might never arise."  *Id*. at 461.  The Court described the latter issue as "academic," as presenting not a "real problem" but "nice and intriguing questions which today may readily be imagined, but may never in fact come to pass," and as comprising an "asserted

---

[2]Coverage questions usually require an analysis of policy provisions in light of the allegations and/or proof in the underlying litigation.  The plaintiff has quoted a plethora of policy provisions, but it has neither identified the salient allegations of the underlying lawsuits nor suggested that either those allegations, or their analysis in light of the policy provisions, is identical.

[3]Federal courts are of limited jurisdiction, and this Court has an independent and continuing obligation to confirm its subject matter jurisdiction, even when the parties do not question its existence.  *University of South Alabama v. American Tobacco Co.*, 168 F.3d 409, 411 (11th Cir. 1999); *accord Smith v. GTE Corp*., 236 F.3d 1292, 1299 (11th Cir. 2001).

controversy [which] may never be, but when it is or what it is when it is, a proper court can then resolve those tangible controversies as the case might require." *Id*.

A later Fifth Circuit case described *American Fidelity* in absolute terms: "We have held that no action for declaratory relief will lie to establish an insurer's liability in a policy clause contest ... until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize." *Allstate Insurance Co. v. Employers Liability Assurance Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971).[4] More recently, however, the Eleventh Circuit characterized *American Fidelity* as "predicated on the traditional discretion of federal courts exercising jurisdiction over declaratory judgment actions." *Edwards v. Sharkey*, 747 F.2d 684, 686 (11th Cir. 1984).

The Court concludes that *Edwards* correctly limns *American Fidelity.* The trial court dismissed the insurer's claim "in its discretion" because it "considered declaratory relief not appropriate," 280 F.2d 457, and the appellate court's ruling appears limited to upholding this exercise of discretion. The Court prefaced its discussion with the statement that "we think there was more than ample ground for the exercise of discretion in declining declaratory relief as sought, in the time and manner in which it was sought." *Id*. The Court then concluded its discussion with the statement that "it was well within [the trial court's] considered judicial discretion to decline to express legal opinions on academic theoreticals which might never come to pass." *Id*. at 461. Because the Court concluded that the trial court did not abuse its discretion in declining to exercise jurisdiction, any comments suggesting the absence of an actual controversy could be no more than dicta. *E.g., United States v. Maxwell*, 386 F.3d 1042, 1049 (11th Cir. 2004)("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.")(internal quotes omitted).[5]

---

[4]*See also Halder v. Standard Oil Co*., 642 F.2d 107, 110 (5th Cir. 1981)(relying on *American Fidelity* for the proposition that "the district courts lack jurisdiction to express legal opinions based upon hypothetical or academic facts").

[5]*Allstate*'s suggestion that *American Fidelity* rested on jurisdictional grounds was itself dicta, because the insured had suffered an adverse judgment at the hands of a claimant, 445 F.2d at 1281, so

Because the Eleventh Circuit appears to have no binding precedent on the issue,[6] the Court must look to other sources to determine whether the absence of a verdict or settlement in the underlying lawsuits precludes the existence of an "actual controversy" under the Act. The movants rely on several district court opinions for the proposition but, to the extent these cases support their argument, they are dependent on *American Fidelity* which, as discussed above, does not in fact so hold.

Other circuits appear to reject a jurisdictional bar to the determination of indemnity obligations before the insured is cast in judgment.[7] Moreover, the Supreme Court has strongly signaled the same approach. In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941), the plaintiff brought an action under the Act against its insured and the plaintiff in the underlying litigation, seeking declarations that it had no duty to defend or to indemnify its insured. *Id*. at 272. Even though the underlying action "[a]pparently ... ha[d] not proceeded to judgment," *id*. at 271, the Court announced

---

that an actual controversy unquestionably existed regardless of *American Fidelity*. *Edwards*' discussion of *American Fidelity* was likewise dicta for the same reason. 747 F.2d at 687.

[6]The plaintiff trumpets *Cincinnati Insurance Co. v. Holbrook*, 867 F.2d 1330 (11th Cir. 1989). The *Holbrook* Court held that "a 'case or controversy' did, in fact, exist," but the insurer's suit involved defense (as to which an actual controversy unquestionably existed) as well as indemnity, leaving the pronouncement ambiguous as to its scope. *Id*. at 1333. Indeed, the Court's analysis focused on the defense aspect, noting that the insurer needed a declaration so that it would not assume "a binding obligation for providing a defense to [the insured] without [its] knowing whether it owes any such obligation." *Id*.

More recently, the Eleventh Circuit issued its decision in *GuideOne Elite Insurance Co. v. Old Cutler Presbyterian Church*, 2005 WL 2000183 (11th Cir. 2005). While the Court upheld the trial court's discretionary exercise of jurisdiction over a suit seeking a declaration of the insurer's indemnity obligation, the insured did not argue and the Court did not discuss whether an actual controversy existed. *Old Cutler*'s sub silentio treatment of the jurisdictional question cannot create binding precedent on that issue. *E.g., Okongwu v. Reno*, 229 F.3d 1327, 1330 (11th Cir. 2000).

[7]*E.g., Nautilus Insurance Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 375-76 & 1375 n.3 (4th Cir. 1994); *American States Insurance Co. v. Bailey*, 133 F.3d 363, 368 (5th Cir. 1998); *Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir. 1995); *Aetna Casualty & Surety Co. v. General Dynamics Corp.*, 968 F.2d 707, 711 (8th Cir. 1992); *American States Insurance Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994).

that "[i]t is clear that there is an actual controversy between petitioner and the insured." *Id*. at 274.[8]

Based on *Maryland Casualty*, the consistent approach of other circuits, and the absence of any contrary Eleventh Circuit precedent, the Court concludes that the complaint presents an "actual controversy" under the Act despite the absence of a verdict or settlement against the plaintiff's insureds.

### C. Discretion.

Although *American Fidelity* does not preclude jurisdiction over an insurer's declaratory action brought to determine its indemnity obligations before its insured has been cast in judgment, it counsels strongly against the exercise of jurisdiction in such circumstances. The Court noted that any number of eventualities could prevent "problems now academic [from becoming] actual." 280 F.2d at 461. Most obviously, of course, the insured might never suffer an adverse verdict or reach a monetary settlement with its antagonist. *Id*. Even if such were to occur, however, the underlying action might narrow or even eliminate any coverage question, as by pinning liability on a theory as to which coverage unquestionably applied (or failed to apply).[9] While the insurer presented several coverage issues, the *American Fidelity* Court cautioned that "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Id*. Thus, the trial court acted "well within its considered judicial discretion to

---

[8] Although the precise issue before the Court was whether an actual controversy existed between the insurer and the underlying plaintiff, the quoted statement was not dicta since it was necessary to the result. The Court explained that, because there was an actual controversy as to the insured, there must also be an actual controversy as to the underlying plaintiff, else "opposite interpretations of the policy might be announced by the federal and state courts." *Id*.

Some have questioned the reach of *Maryland Casualty* by noting that the Supreme Court did not address separately the issues of defense and indemnity. *E.g., Employers Mutual Casualty Co. v. Evans*, 76 F. Supp. 2d 1257, 1261 (N.D. Ala. 1999). True, but the only issue in which the underlying plaintiff was interested was indemnity, not defense. Indeed, the Court described the "controversy" as involving the underlying plaintiff's suit against the insured and potential "right to proceed against [the insurer] by supplemental process and action if he obtains a final judgment against the insured," 312 U.S. at 273, that is, indemnity.

[9] *See id.* (in the underlying action, "facts [might be] developed requiring or permitting decisive findings, express or implied," on the coverage issues).

decline to express legal opinions on academic theoreticals which might never come to pass." *Id*.

The Eleventh Circuit recognizes that *American Fidelity* "caution[s] against the exercise of jurisdiction in suits for declaratory judgment when the question of the apportionment of insurance coverage may never arise due to the lack of a judgment establishing the liability of the insured." *Edwards v. Sharkey*, 747 F.2d at 686. This principle appears never to have been rescinded, and it has been freely applied, in effect if not in name, by district courts within this circuit.[10]

It is unnecessary to retread the ground so well trodden by these decisions. What was said in *American Fidelity* and echoed and amplified in the cited lower court opinions applies in full measure here. It is simply inappropriate to exercise jurisdiction over an action seeking a declaration of the plaintiff's indemnity obligations absent a determination of the insureds' liability to the movants.

Ignoring this wealth of authority, the plaintiff suggests that the Court should exercise its

---

[10]*See Assurance Company of America v. Legendary Home Builders, Inc*., 305 F. Supp. 2d 1266, 1267-68, 1271 (S.D. Ala. 2003)(Pittman, J.)(staying action to determine indemnity obligation even though insured had been cast in judgment, pending outcome of appeal); *Employer's Insurance Corp. v. Dillon*, 179 F. Supp. 2d 1371, 1373-74 (M.D. Ala. 2001) (DeMent, J.)(staying action to determine indemnity obligation pending resolution of underlying litigation); *Employers Mutual Casualty Co. v. Evans*, 76 F. Supp. 2d 1257, 1262 (N.D. Ala. 1999)(Propst, J.)(retaining jurisdiction over indemnity issue pending resolution of defense issue, because decision on the latter could effectively decide the former); *Allstate Indemnity Co. v. Lewis*, 985 F. Supp. 1341, 1349-50 (M.D. Ala. 1997)(Thompson, J.)(deciding defense issue but declining to reach indemnity issue both as unripe and in exercise of discretion); *Auto-Owners Insurance Co. v. Toole*, 947 F. Supp.1557, 1565-66 (M.D. Ala. 1996)(Thompson, J.)(same); *Guaranty National Insurance Co. v. Beeline Stores, Inc*., 945 F. Supp. 1510, 1514-15 (M.D. Ala. 1996)(Thompson, J.)(same); *MacMillan-Bloedel, Inc. v. Firemen's Insurance Co*., 558 F. Supp. 596, 600 (S.D. Ala. 1983)(Cox, J.)(declining to exercise jurisdiction over an action brought by the injured third party "until such time as the question of [the insured's] liability to [the third party] is finally established"); *Great Northern Paper Co. v. Babcock & Wilcox Co.*, 46 F.R.D. 67, 70-71 (N.D. Ga. 1968)(dismissing action seeking declaration of indemnity obligations as "premature," at least "until and unless [the insured] is held liable for [the third party's] injuries"); c*f. GuideOne Elite Insurance Co. v. Old Cutler Presbyterian Church,* 2005 WL 2000183 at *5 (trial court's exercise of discretion to entertain the action was "certainly close to the extreme limits of such discretion," given that a parallel state court declaratory action was proceeding and the coverage issue implicated an unresolved issue of state law). *But see Allstate Insurance Co. v. Smith*, 2005 WL 1309019 (M.D. Ala. 2005) (Albritton, J.)(without referencing *American Fidelity*, exercising discretion to entertain a declaratory action concerning defense and indemnity).

-8-

discretion to entertain this suit because it "would resolve uncertainty and aid in settling the parties' disputes." (Doc. 19 at 2). To the extent such a prospect is both relevant and real,[11] it was equally relevant and real in *American Fidelity* and its progeny, yet in none of these cases did the Court deem potential settlement a sufficient reason to exercise jurisdiction prior to any determination of the insured's obligations to the injured party.

The plaintiff also asks the Court to evaluate the exercise of its discretion using the five factors identified by the Sixth Circuit in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323 (6th Cir. 1984). Even had these factors been adopted by the Eleventh Circuit, they could not undo that Court's mistrust of declarations concerning indemnity absent a verdict or settlement of the underlying suit against the insured. Nor has the plaintiff provided more than its ipse dixit that application of the *Grand Trunk* factors would favor the exercise of jurisdiction in this case. (Doc. 19 at 5). *See generally Scottsdale Insurance Co. v. Roumph*, 211 F.3d 964 (6th Cir. 2000)(upholding trial court's decision, under the *Grand Trunk* factors, not to exercise jurisdiction over an insurer's suit for a declaration of its indemnity rights).

Finally, the plaintiff asserts that "a stay, not dismissal, is the appropriate remedy if the Court decides not to proceed." (Doc. 19 at 6). The passage from *Wilton* on which the plaintiff relies for this proposition explains the preference as grounded in the resulting "assur[ance] that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." 515 U.S. at 288 n.2. Because, under Alabama law, "in an action seeking indemnification the limitations period does not begin to run until liability has become fixed,"[12] there is no risk that a relevant limitations period will expire pending the conclusion of the state proceedings. The plaintiff has identified, and the Court has detected, no alternative justification for staying this newly filed action, potentially for years, while awaiting resolution of the underlying actions.

---

[11]It would appear equally probable that the very uncertainty of the insurance issues could militate in favor of settlement.

[12]*American Commercial Barge Line Co. v. Roush*, 793 So. 2d 726, 729 (Ala. 2000).

## CONCLUSION

For the reasons set forth above, the movants' motion to dismiss is **granted**. This action is **dismissed without prejudice**.

DONE and ORDERED this 12th day of September, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
